**IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEAN EMMANUEL RODRIGUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 18-3629 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge**:

    The Plaintiff, Jean Emmanuel Rodriguez, has submitted a civil complaint naming the State of New Jersey, as well as Atlantic and Essex Counties, as defendants. Mr. Rodriguez claims that his rights under the 4th, 5th, 6th, and 8th Amendments to the United States Constitution, as well as under Article 6 of the Constitution, have been violated by the State of New Jersey "assert[ing] certain assumptions." [Compl., ¶ II.B.] He claims damages for those violations and seeks, inter alia, compensation for more than $500,000.00. Id. ¶ V. Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1.    Because Plaintiff's application discloses that he is indigent, the Court previously, pursuant to 28 U.S.C. § 1915,

permitted the Complaint to be filed without prepayment of fees, and directed the Clerk of Court to file the Complaint, without issuing summonses, pending the instant screening. [Docket Item 3.]

2. Section 1915(e)(2)(B) requires the Court to screen the Plaintiff's Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

3. Plaintiff complains that the "State of New Jersey has asserted certain assumptions that [he] feel[s] viol[a]te[d]" the above-enumerated constitutional rights. [Compl. ¶ II.B.] He elaborates that these events occurred in Atlantic and Essex Counties, and states that "the behavior" has "spann[ed] 2 decades[,]" beginning in 1996 and continuing to as "recently [as] August 2017." Id. ¶ III.A-III.B. Plaintiff claims that

2

the "State of New Jersey through agents located in its counties, cities, municipalities and etc. have conspired to deny me of my Constitutional Rights by having it[s] agents fabricate, embellish, omit, and/or manipulate facts/evidence in order to gain convictions in the State's court. The agents would use the State to harass, kidnap[], and assault me[,] while judging [sic]. The agents are numerous and can be provided [sic] by the State of New Jersey. All incidents were recorded and documented by the agents." Id. ¶ III.C. Plaintiff claims that, as a result of his interactions with the State's agents, he has suffered emotional distress, psychological distress, slander, loss of wages, "denial of opportunity," and difficulties interacting with other people, as well as feelings of depression and stress. Id. ¶ IV. Plaintiff seeks, as relief, for "all Alfred Pleas [sic] entered into between myself and [sic] be overturned. The State of New Jersey is to clear my criminal record, grant me room and board at a State university for two majors as long as I am accepted, and five hundred thousand dollars after taxes." Id. ¶ V.

4. Plaintiff's Complaint is not clear on the precise nature of his grievances with the agents of the state of New Jersey. However, the Court understands Plaintiff to complain, primarily, that agents of the State (presumably law enforcement officers employed by the State of New Jersey and/or Atlantic and

3

Essex Counties) lied about Plaintiff, with the result that Plaintiff was convicted of crimes in state court (some of which may have been as a result of guilty pleas entered by Plaintiff pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), commonly known as Alford pleas). This claim is in the nature of a Fourteenth Amendment violation claim, Halsey v. Pfeiffer, 750 F.3d 273, 294 (3d Cir. 2014), actionable under 42 U.S.C. § 1983. It may also constitute a state-law claim of false arrest or false imprisonment, although Plaintiff does not assert any state-law causes of action. Plaintiff may also complain of excessive force by agents of the State, to the extent that his claim that they "assault[ed]" and "kidnap[ed]" him refers to an incident or incidents distinct from his apparent criminal cases, which would sound in the Fourth Amendment or Eighth Amendment's prohibition of excessive force by law enforcement officers or in state common-law personal injury or false imprisonment torts.

5. The Court does not discern in Plaintiff's Complaint a factual basis for any claims under the Fifth Amendment, the Sixth Amendment, or Article 6 of the Constitution. To the extent that Plaintiff intends to bring any such claims in the Complaint, they are **DISMISSED without prejudice**.

6. As to Plaintiff's remaining Fourth, Eighth, and/or Fourteenth Amendment claims, the Court notes that as a threshold matter, Plaintiff may not maintain a claim for any wrongs

4

committed against him that occurred past the statute of limitations.  See Woodson v. Payton, 503 Fed. App'x 110, 111 (3d Cir. 2012)(constitutional claims under § 1983 are characterized as personal injury claims and governed by applicable state's statute of limitations for personal injury claims).  Here, where Plaintiff asserts claims potentially in the nature of assault, false imprisonment, personal injury, and slander, he would not be permitted to maintain such claims more than two years after the date of the occurrence, at most.  See N.J. Stat. § 2A:14-2(a) (two-year statute of limitations for assault and battery, false imprisonment, and personal injury); N.J. Stat. § 2A:14-3 (one-year statute of limitations for slander).  Plaintiff's Complaint was received by the Clerk of Court on March 15, 2018.  Therefore, to the extent that Plaintiff complains of wrongs committed against him that occurred more than two years before March 15, 2018, or of slander that occurred more than one year before March 15, 2018, and to the extent that Plaintiff makes no colorable argument to support the equitable tolling of the statute of limitations (i.e., reasons to expand the time frame of potential claims past the statute of limitations), such claims are subject to dismissal because they are time-barred.

7.   Next, the Court finds that the Eleventh Amendment bars Plaintiff's case against the State of New Jersey for money damages.  The Eleventh Amendment to the United States

Constitution makes states immune from lawsuits in federal courts seeking monetary damages brought by their own citizens or by citizens from other states unless the state consents to be sued or Congress otherwise abrogates the state's sovereign immunity. Hans v. Louisiana, 134 U.S. 1 (1890). In this case, Plaintiff can point to no action by Congress or by the State of New Jersey waiving its sovereign immunity and consenting to a suit such as his. Accordingly, sovereign immunity provides a reason this Court lacks jurisdiction to hear Plaintiff's case against the State of New Jersey.[1] Such claims will therefore be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

8. Regarding Plaintiff's allegations that his criminal conviction or convictions are invalid, the Court must defer from adjudicating any constitutional claims that would, if successful, invalidate those convictions. The Complaint does not allege that his conviction was set aside. It is a fair inference that the conviction or convictions continue to stand of record, as Plaintiff seeks to "clear [his] criminal record" and "overturn" his "pleas." [Compl. ¶ V.] Also, the Complaint

---

[1] The Court notes that local governments, as distinct from the State of New Jersey itself, are not necessarily encompassed by the Eleventh Amendment's grant of sovereign immunity. See Grabow v. Southern State Corr. Fac., 726 F. Supp. 537, 537-58 (D.N.J. 1989)(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) and Quern v. Jordan, 440 U.S. 332 (1979)).

does not state the crime or crimes for which Plaintiff was convicted, the court imposing judgment, or the sentence received. The Complaint suffers from lack of specificity.

9. If the conviction or convictions have not been set aside, however, then this civil case cannot be brought challenging those convictions. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that before a Civil Rights Act plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. This means that Plaintiff cannot allege in this civil lawsuit that his conviction was unlawful unless he alleges and proves that his conviction was actually set aside and is no longer valid, as "success on Plaintiff's constitutional claims necessarily would imply the invalidity of his conviction, and these claims [are] barred until such time as his conviction is otherwise invalidated." James v. Atl. City Police Dep't, No. 05-3616, 2006 WL 454359, *4 (D.N.J. Feb. 21, 2006). See also Deemer v. Beard, 557 Fed. App'x 162, 166 (3d Cir. 2014)("all

7

§ 1983 plaintiffs attacking the validity of their conviction or sentence" are required to establish a "favorable termination" in accordance with Heck, regardless of the availability of habeas relief)(citing Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005)); Surgick v. Supreme Court of N.J., Appellate Div., No. 06-1433, 2006 WL 1084218, *2 (D.N.J. Apr. 21, 2006)("The federal court does not sit as a court of appeals reviewing the proceedings in State court. If adverse determinations are made in a State court, the aggrieved party generally has a right to appeal within the state system, and has no right to seek review in the United States District Court"). Accordingly, the portions of the Complaint alleging that Plaintiff has been falsely convicted and imprisoned, or that evidence was fabricated by agents of the State, will be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

10. To the extent Plaintiff seeks an order of this federal court to set aside a state criminal conviction, his exclusive remedy lies in an action for federal habeas corpus under 28 U.S.C. § 2254. A petition under § 2254 may be filed only after the petitioner has exhausted his state court post-conviction relief remedies, and it is governed and limited by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). In his present Complaint, Plaintiff fails to identify the convictions he seeks to set aside, the grounds for relief under § 2254, or

the exhaustion of his state court post-conviction remedies. Accordingly, this aspect of his Complaint is also dismissed because the federal court lacks jurisdiction to set aside a state court criminal conviction other than pursuant to § 2254.

11. The Court further finds that all of Plaintiff's allegations are vague and conclusory, giving no indication of the factual grounds for the claimed constitutional liability. They are, at most, "threadbare recitals of" constitutional violations "supported by mere conclusory statements," which cannot suffice to meet the Rule 12(b)(6) standard under Iqbal, 556 U.S. at 678.

12. For the foregoing reasons, and as discussed above, the claims against the State of New Jersey will be dismissed for lack of jurisdiction. The claims under the Fifth Amendment, Sixth Amendment, and Article 6 of the Constitution will be dismissed for failure to state a claim upon which relief could be granted. The claims under the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment will likewise be dismissed for failure to state a claim upon which relief could be granted.

13. Plaintiff shall be granted leave to amend as follows: Plaintiff will be given one opportunity to amend his Complaint, alleging wrongful conviction and/or imprisonment, but he will have to give the specifics of the conviction and sentence, as well as the date of any court order that set the conviction

aside, as explained above; if the conviction has not been set aside, he may not allege wrongful conviction and/or imprisonment.  He will likewise be permitted the opportunity to amend his Complaint to allege excessive force by law enforcement, but he will have to similarly provide specific allegations about the circumstances surrounding that incident or incidents.  Any such amended complaint addressing these deficiencies regarding the criminal prosecution and conviction or any other basis for his claims must be filed within thirty (30) days.  Furthermore, no amendment shall be granted as to claims about conduct that occurred more than two (2) years ago, unless Plaintiff shall state an adequate basis from which to conclude that the statute of limitations should be tolled (i.e., extended).  If Plaintiff seeks to set aside a state court conviction, he must proceed in a separate habeas corpus action filed under 28 U.S.C. § 2254, utilizing the proper form for § 2254 petitions available on request from the Clerk of Court.

14. Any proposed amended complaint must be filed within thirty (30) days hereof and shall be subject to judicial pre-screening under 28 U.S.C. § 1915(e)(2)(B).

15. For the foregoing reasons, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, except for the claims that are

dismissed with prejudice for lack of jurisdiction as detailed above.

The accompanying Order is entered.[2]

**April 9, 2018**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge

---

[2] Because the Complaint is being dismissed, this Court also dismisses Plaintiff's motion for appointment of pro bono counsel [Docket Item 2] without prejudice, because it is moot.